**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NATIONAL BUSINESS DEVELOPMENT
    SERVICES, INC.,

        Plaintiff,

v.                                        CIVIL NO. 07-14841
                                        HON. LAWRENCE P. ZATKOFF

AMERICAN CREDIT EDUCATION &
    CONSULTING, INC. et al.,

        Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 18, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter comes before the Court on Plaintiff's Motion for Remand and Sanctions [dkt 8], filed on December 10, 2007. Defendants have responded. Pending before the Court is also Defendants' Motion to Dismiss All Counts of Plaintiff's Corrected First Amended Complaint for Lack of Standing of National Business Development Services, Inc. [dkt 6]. The parties have fully briefed this motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. Because Plaintiff's Motion to Remand raises a preliminary question about the appropriateness of federal court jurisdiction in this matter, it shall be addressed first. For the reasons set forth below, Plaintiff's Motion for Remand and Sanctions is GRANTED in part and

DENIED in part, and Defendants' Motion to Dismiss is DENIED as moot.

## II. BACKGROUND

The legal proceedings between Plaintiff and Defendants originated in this Court on March 15, 2007, when Plaintiff filed suit under the Copyright Act, 17 U.S.C. § 101, and the Lanham Act, 15 U.S.C. § 1125, alleging that Defendants, some of whom previously worked for Plaintiff, "advertise, promote or offer for sale to the general public, educational materials, brochures, and other derivative works, which incorporate the copyrighted materials of the Plaintiff in the Registered Copyrighted Works." On April 16, 2007, the Court declined to exercise supplemental jurisdiction over Plaintiff's Counts V–VII without considering their merits (common law claims of unjust enrichment, unfair competition, and breach of fiduciary duty). The parties later stipulated to the dismissal of Counts I–II (both copyright infringement claims). The Court dismissed Count IV (unfair competition under 15 U.S.C. § 1125(a)) on May 23, 2007. On August 8, 2007, the Court dismissed the remainder of Plaintiff's suit for failure to state a claim upon which relief may be granted in large part because Plaintiff could not establish "a work produced by Defendants that infringes upon Plaintiff's copyrighted work, nor a description of the manner in which Defendants' works infringe upon Plaintiff's work." Opinion and Order Granting Defendants' Motion to Dismiss at 5, *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting, Inc.*, No. 07-11140 (E.D. Mich. Aug. 8, 2007). On September 10, 2007, the Court denied Plaintiff's Motion for Reconsideration.

Plaintiff filed a Corrected First Amended Complaint with the Wayne County Circuit Court on October 12, 2007, alleging common law unjust enrichment, common law unfair competition, common law breach of fiduciary duty, and intentional interference with advantageous economic relationships. Defendants filed their Notice of Removal on November 9, 2007, alleging that

2

Plaintiff's claims were actually federal in nature, masquerading as state law claims. Defendants also allege in their reply brief that Plaintiff sought to frustrate removal jurisdiction by arranging the parties such that diversity jurisdiction does not exist. Defendants filed counterclaims against Plaintiff and its owners, Bernadino Pavone and Abood Samaan, for civil malicious prosecution, for a declaratory judgment of corporate alter ego status, and for tortious interference with business relationships.

### III. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), an action may be removed to federal court if it originally could have been brought there. *Willett v. Gen. Motors Corp.*, 904 F. Supp. 612, 613 (E.D. Mich. 1995). The removing party bears the burden of establishing the appropriateness of federal jurisdiction. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir. 1996). Pursuant to the "well pleaded complaint rule," federal jurisdiction is governed by the presence of a federal question on the face of a properly pleaded complaint. *Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264 (6th Cir. 2007). A plaintiff, accordingly, may avoid federal jurisdiction by relying solely on state law in his complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ahearn*, 100 F.3d at 456. As such, defenses that raise federal questions, including preemption defenses, do not trigger federal-question jurisdiction. *Caterpillar*, 482 U.S. at 393. Where federal law *completely* preempts state law, however, an exception exists, and such preempted claims may be properly removed. *Id.* Furthermore, "if a court concludes that a plaintiff has 'artfully pleaded' claims [to avoid federal jurisdiction], it may uphold removal even though no federal question appears on the face of the plaintiff's complaint. The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998).

3

# IV. ANALYSIS

Plaintiff argues that remand is appropriate in this case because the four claims "are clearly grounded in state law." Plaintiff also contends that, because this Court previously refused to exercise supplemental jurisdiction over these claims, they are established as state-law claims under the doctrines of judicial estoppel and the law of the case. Defendants maintain that federal jurisdiction is established by virtue of the fact that the Copyright Act completely preempts Plaintiff's claims and that neither judicial estoppel nor the law of the case prevent removal of the action to this Court. Defendants also argue that Plaintiff fraudulently joined parties to this action in an attempt to avoid removal on diversity grounds.

## A. JUDICIAL ESTOPPEL AND THE LAW OF THE CASE

At the outset, the Court briefly addresses the doctrines of judicial estoppel and the law of the case in regard to the present matter. The former of these doctrines "operates to prevent a party who has successfully maintained a certain position in one proceeding from asserting a contrary position in another proceeding." *Blanton v. Inco Alloys Int'l, Inc.*, 108 F.3d 104, 108 (6th Cir. 1997). Defendants have consistently maintained that the Copyright Act preempts the purported state-law claims. Because this Court declined supplemental jurisdiction over these claims in the earlier proceeding without addressing their merits and Defendants have not altered their position in any way, judicial estoppel does not apply here.

The law of the case doctrine promotes judicial efficiency but "does not foreclose a court from reconsidering issues in a case previously decided by the same court or another court." *Gillig v. Advanced Cardiovascular Sys., Inc.*, 67 F.3d 586, 590 (6th Cir. 1995). This Court previously dismissed Plaintiff's alleged state-law claims without argument. In light of Plaintiff's amended

4

complaint and the current status of the case, the Court finds it appropriate to consider whether the Copyright Act preempts these claims and renders federal jurisdiction appropriate.

**B. PREEMPTION UNDER THE COPYRIGHT ACT**

Pursuant to the Copyright Act, "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . are governed exclusively by this Title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." 17 U.S.C. § 301(a). When undertaking a preemption analysis, this Court must consider first whether the work in question falls within the scope of the "subject matter of the copyright" as outlined in 17 U.S.C. §§ 102, 103. *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001). Because the materials that comprise the heart of the dispute between these parties have been copyrighted, this prong is satisfied.

Next, the Court considers whether "the rights granted under state law are equivalent to any exclusive rights within the scope of federal copyright as set out in 17 U.S.C. § 106." *Id.* Under this prong of the analysis, no preemption exists so long as the state-law claim requires an element in addition to or instead of the acts of reproduction, performance, distribution, or display. *Id.* at 456. In order to avoid preemption, the extra or additional element must qualitatively change the claim. *Stromback v. New Line Cinema*, 384 F.3d 283, 301 (6th Cir. 2004) ("The existence of an extra element precludes preemption only where the element changes the nature, rather than the scope, of the action.").

Although Plaintiff's complaint includes "key" language to the effect that the counts contained therein are "independent and different in nature from claims and subject matter that may be preempted by the U.S. Copyright Act," Plaintiff has not set forth any explanation in support of

5

this contention, choosing instead to focus its Brief in Support of Remand almost entirely on imposing sanctions on Defendants. The Court, then, must independently examine each claim of the Plaintiff's amended complaint to determine whether the Copyright Act completely preempts such claims.

Count I (common law unjust enrichment) of Plaintiff's amended complaint alleges that "Defendants have received a benefit from the unauthorized use and impairment of rights and interests held by the Plaintiff." Plaintiff's complaint maintains that "Plaintiff is the sole owner and holder of all rights, title, and interest in and to the copyrights in the Copyrighted Works." Elsewhere in its complaint, Plaintiff argues that "Defendants advertise, promote, or offer for sale the unauthorized and infringing derivative works" and that "At no time did Plaintiff . . . give permission or consent to any of the Defendants to commit any of the infringing or wrongful acts in violation of the Plaintiff's copyrights." Therefore, Plaintiff's amended complaint reveals that the rights and interests allegedly infringed upon are actually copyrighted interests.

Claims of unjust enrichment require only a receipt of a benefit and some resulting inequity. *See, e.g.*, *Barber v SMH (US), Inc.*, 509 N.W.2d 791, 796 (Mich. Ct. App. 1993). Within the species of unjust enrichment claims, a distinction exists between "an action based on a contract implied in law [which] requires no extra element in addition to an act of reproduction, performance, distribution or display, [and] an action based on a contract implied in fact [which] requires the extra element of a promise to pay for the use of the work." *Wrench LLC*, 256 F.3d at 459. When an action for unjust enrichment does not allege a promise to pay, in other words, it includes "no meaningful 'extra element' . . . that removes the reformulated claims from the policy of national uniformity established by the preemption provisions of § 301(a)." *Ritchie v. Williams*, 395 F.3d 283,

287–88 (6th Cir. 2005) (footnote omitted). Thus, in *Diamond v. Gillis*, when a plaintiff brought a count entitled "Breach of Contract Implied in Fact," the court construed the claim as one for unjust enrichment without alleging a promise to pay and held that the Copyright Act preempted the claim. *Diamond v. Gillis*, 357 F. Supp. 2d 1003, 1009–10 (E.D. Mich. 2005). Like the plaintiff in *Diamond*, Plaintiff in this case makes no assertion of a promise to pay. Accordingly, the Court finds that the Copyright Act completely preempts Plaintiff's claim for common law unjust enrichment. *See id.* at 1009 ("The Court of Appeals for the Sixth Circuit has joined other circuits in holding that claims for unjust enrichment are preempted by the Copyright Act.").

In support of its Count II (common law unfair competition), Plaintiff states that "[t]he actions of the Defendants in advertising, marketing, promoting, and selling materials and products incorporating Plaintiff's Copyrighted Works . . . constitutes copyright infringement and unfair competition under the common law of the State of Michigan." The Copyright Act has previously been held to preempt unfair competition claims under state law when the claims are "grounded solely in the copying of a plaintiff's protected expression." *Artie Fields Prods., Inc. v. Channel 7*, No. 94-70730, 1994 U.S. Dist. LEXIS 16828, at * 4–5 (E.D. Mich. June 10, 1994). In contrast, "state unfair competition claims based upon breaches of confidential relationships or fiduciary duties and trade secrets have been held to satisfy the extra element test, and are not preempted." *Id.* at *5. Plaintiff's complaint, on its very face, places the behavior at issue squarely within the scope of the Copyright Act. Plaintiff has not distinguished between the copyright claims initially brought and the present claim of unfair competition. In *Meyer v. Giles*, the court examined a claim of unfair competition in which the plaintiff Meyer alleged "that because of Giles's copying of certain materials from Meyer's physical therapy examination review books, Giles was able to obtain the

7

benefit of, and trade on, the goodwill of Meyer; that the copying damaged Meyer's goodwill; and that the copying likely caused 'confusion, mistake or deception.'" *Meyer v. Giles*, No. 92-115, 1992 U.S. Dist. LEXIS 21264, at *2 (W.D. Mich. 1992). The *Meyer* court concluded that "the rights asserted under the unfair competition claim are indistinguishable from the ones in the federal copyright claim." *Id.* at *6. As in the *Meyer* case, Plaintiff's Count II is grounded solely in, and indistinguishable from, rights created under the Copyright Act. As such, the Act preempts Plaintiff's claim for common law unfair competition.

Count III (common law breach of fiduciary duty) declares that "Defendants made unauthorized use of the Plaintiff's works by at least copying, reproducing, advertising, promoting, and selling materials and products incorporating Plaintiff's Copyrighted Works to the general public." In order to establish an action for breach of fiduciary duty, the "plaintiff must show that the 'position of influence has been acquired and abused,' or the 'confidence has been reposed and betrayed.'" *Rainey v. Wayne State Univ.*, 26 F. Supp. 2d 963, 968 (E.D. Mich. 1998) (quotation omitted). In *Rainey*, the plaintiff brought a claim for breach of fiduciary duty. To succeed on the claim, the court noted that "plaintiff will need to show more than mere reproduction of her work. She will need to prove that she in fact had a fiduciary relationship with [the defendant]." *Id.* Establishing that "(1) a fiduciary relationship exists, and (2) that it has been betrayed certainly qualifies as 'extra elements' which removes plaintiff's claim from the preemptive effect of § 301(a)." *Id.* Plaintiff here bears the same burden as the plaintiff in *Rainey* and must establish that a fiduciary relationship exists. Such a burden changes the nature of the claim in such a way as to remove it from the preemptive power of the Copyright Act. Thus, the Copyright Act does not preempt Count III of Plaintiff's complaint.

Finally, Count IV alleges that the behavior comprising Counts I–III amounts to intentional interference with advantageous economic relationships. Under Michigan law, such claims require the plaintiff to establish: "(1) the existence of a valid business relationship or expectancy; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) an intentional interference causing a breach or termination of the relationship or expectancy; and (4) resulting damage to the party whose relationship or expectancy has been disrupted." *Meyer v. Hubbell*, 324 N.W.2d 139, 144 (Mich. Ct. App. 1982). Establishing mere interference will not suffice; Plaintiff must demonstrate that the defendant acted illegally, unethically, or fraudulently. *See, e.g.*, *Trepel v. Pontiac Osteopathic Hosp.*, 354 N.W.2d 341, 346 (Mich. Ct. App. 1984). Based on the elements of the claim and for reasons similar to those stated with respect to Count III, the Copyright Act does not preempt Plaintiff's claim of intentional interference with advantageous economic relationships.

C. **FRAUDULENT JOINDER**

A case in federal court may be premised on diversity jurisdiction "when no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). A plaintiff may not avoid diversity jurisdiction by joining a defendant against whom the plaintiff has no viable cause of action. *Id.* The critical inquiry in these "fraudulent joinder" cases focuses on "whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968) (as quoted in *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)). Removal statutes are to be construed strictly against removal such that, if the appropriateness of removal is in doubt, the matter should be resolved in favor of remanding to the state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941), *superseded by*

9

*statute on other grounds as recognized in Breuer v. Jim's Concrete, Inc.*, 538 U.S. 691, 697 (2003); *ANR Pipeline Co. v. Conoco, Inc.*, 646 F. Supp. 439, 442 (W.D. Mich. 1986).

Although Defendants' Notice of Removal discusses only federal jurisdiction grounded in complete preemption by the Copyright Act, Defendants raise the issue of diversity jurisdiction in their Brief in Opposition to Motion for Remand and Sanctions. Defendants argue that Plaintiff fraudulently joined parties to evade diversity jurisdiction: "their naming as defendants *may have been* solely to prevent removal." (emphasis supplied). Defendants then provide two examples of individual defendants that may have been fraudulently joined. Speculative allegations of this nature are insufficient to establish fraudulent joinder. Accordingly, Defendants have not met their burden with respect to fraudulent joinder.

**D. RES JUDICATA**

In accordance with the foregoing analysis, Counts I and II are properly removable to federal court. Because these claims are equivalent to those previously brought before this Court by Plaintiff, it must be considered whether these counts are subject to dismissal based on the doctrine of res judicata. Res judicata has four elements:

> (1) A final decision on the merits in the first action by a court of competent jurisdiction; (2) The second action involves the same parties, or their privies, as the first; (3) The second action raises an issue actually litigated or which should have been litigated in the first action; (4) An identity of the causes of action.

*Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992). In the federal courts, dismissals pursuant to Fed. R. Civ. P. 12(b)(6) are considered to be final decisions on the merits of the case, entitled to full res judicata effect. *Dyer v. Intera Corp.*, 870 F.2d 1063, 1066 (6th Cir. 1989). District courts may raise the issue of preclusion on their own initiative. *See,*

*e.g.*, *Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992) ("the district court was well within its discretion in dismissing these actions pursuant to the doctrine of nonmutual claim or issue preclusion"). Here, the Copyright Act preempts Plaintiff's Counts I–II, which Plaintiff previously litigated as claims under the Copyright Act. The issues of copyright infringement were thus actually litigated and ultimately dismissed either by stipulation with prejudice or under Rule 12(b)(6). Although Plaintiff has added defendants to this proceeding that were not party to the first proceeding, Plaintiff's Counts I–II are identical to those that this Court previously dismissed for failure to state a claim upon which relief may be granted because Plaintiff could not establish "an identification of a work produced by Defendants that infringes upon Plaintiff's copyrighted work, nor a description of the manner in which Defendants' works infringe upon Plaintiff's work." Opinion and Order Granting Defendants' Motion to Dismiss at 5, *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting, Inc.*, No. 07-11140 (E.D. Mich. Aug. 8, 2007). Plaintiff's claim in the first suit, then, was not dismissed because it named the wrong Defendants; it was dismissed because it amounted "to no more than a speculative claim that Defendants may have produced some work that in some way infringed upon Plaintiff's works." *Id.* Thus, in the interest of judicial economy, Counts I–II are barred by res judicata. *See Holloway Constr. Co. v. United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989). As the only remaining counts and counterclaims are brought under state law, they are remanded to the Wayne County Circuit Court.

**E. SANCTIONS**

Because removal in this case was proper, the Court declines to award sanctions. Therefore, Plaintiff's Motion for Sanctions is DENIED.

**F. DEFENDANTS' MOTION TO DISMISS**

11

Because Plaintiff's federal claims are barred by res judicata, Defendants have not established fraudulent joinder, and the remaining counts are remanded to the Wayne County Circuit Court, Defendants' Motion to Dismiss is hereby DENIED as moot.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is GRANTED in part and DENIED in part.

It is hereby ORDERED that Counts I–II are DISMISSED.

It is FURTHER ORDERED that Counts III–IV of Plaintiff's amended complaint and Defendants' counterclaims are remanded to the Wayne County Circuit Court without costs or fees to either party.

It is FURTHER ORDERED that Defendants' Motion to Dismiss is DENIED as moot.

IT IS SO ORDERED.

    s/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

Dated: January 18, 2008

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 18, 2008.

    s/Marie E. Verlinde
    Case Manager
    (810) 984-3290